# STATE OF FLORIDA v BAXTER
## Case No. TT86-002646-XX
County Court, Polk County

July 21, 1986

**APPEARANCES OF COUNSEL**

**Dan Moody,** Assistant State Attorney, for plaintiff.
**Jeff Holmes** for defendant.

## OPINION OF THE COURT

DICK PRINCE, County Judge.

THIS CAUSE coming on to be heard upon the Defendant's Petition to Set Aside Breathalyzer Refusal and Motion to Suppress and the Court having heard the testimony of the witnesses, the arguments of Counsel, and otherwise being fully advised in the premises, it is thereupon

ORDERED AND ADJUDGED as follows:

*FACTS*

1. The facts of the case are undisputed in any material fashion. Trooper Long, a Florida Highway Patrol Trooper, elected (after conversation with his headquarters) to set up a roadblock for the express purpose of inspecting vehicles passing through that roadblock for any improper equipment. This "equipment check" roadblock was established in a well lit and highly visible location, operated in a fashion where the equipment check on each vehicle stopped represented a minimum intrusion on the vehicle's progress (the testimony being that the average stop lasted between one and two minutes), and it is also uncontested that in the operation of this roadblock the Trooper stopped either every car passing through the roadblock or, during periods of heavy traffic, every third car passing through the roadblock, exercising no other discretion as to which vehicles were stopped. However, it is also uncontested that at the time this roadblock was established the Highway Patrol had adopted no written guidelines as regards the procedure to be utilized by an individual Trooper during such a roadblock, and it is likewise uncontested that no such written uniform guidelines had been issued to Trooper Long prior to the establishment of this particular roadblock.

2. The Defendant was the driver of one of the vehicles stopped at this "equipment check" roadblock established by Trooper Long. Prior to the vehicle stopping at this roadblock, the Trooper testified that he observed no driving behavior on the part of the Defendant which would have led to probable cause that the Defendant was operating the motor vehicle under the influence of an alcoholic beverage to the extent that his normal faculties were impaired. However, once stopped at the roadblock, the Trooper testified that he immediately noticed that the Defendant/driver's speech was slurred, that there was an odor of alcoholic beverage about his person, and that the Defendant thereafter failed a series of field sobriety tests which the Trooper administered, whereupon the Defendant was placed under arrest for DUI, and subsequently refused to take a breathalyzer examination.

3. Counsel for the Defendant then Petitioned to Set Aside the

138

Breathalyzer Refusal and Moved to Suppress all evidence obtained via the roadblock, relying upon the recent Florida Supreme Court decision of *State v. Jones*, 483 So.2d 433, (February 20, 1986).

## CONCLUSIONS OF LAW

On the authority of *State v. Jones*, supra, the Court finds that the roadblock established in the instant case fails to comply with and satisfy the criteria set forth by the Florida Supreme Court, and therefore violates the requirements of the Fourth Amendment to the United States Constitution. In reaching this conclusion, the Court has relied primarily upon the following language as contained in the *State v. Jones*, decision, id. at 438:

"We agree and find that it is essential that a written set of uniform guidelines be issues before a roadblock can be utilized."

In addition to the mandatory language quoted above, the Supreme Court (on the same pages of the *Jones* decision) went on to state that Courts should consider these written guidelines in their entirety when determining the legal sufficiency of any roadblock. However, since in the case at Bar no written guidelines existed, there is nothing for the Court to either view or review in any "balancing test" of legal sufficiency. The Court in the instant case expressly declines to follow the State's argument that vehicle "equipment check" roadblocks are somehow to be differentiated from the roadblock requirement criteria set forth by the Florida Supreme Court in *State v. Jones*. The Court presently finds and concludes that the language quoted above is both clear and unequivocal; "It is essential that a *written* set of *uniform guidelines* be issued *before* a roadblock can be utilized." (emphasis added).

WHEREFORE, the Defendant's Petition to Set Aside the Breathalyzer Refusal and Motion to Suppress are hereby GRANTED on the grounds that the Defendant was not placed under lawful arrest since the only probable cause for arresting the Defendant arose through a violation of the Defendant's Fourth Amendment rights as guaranteed by the United States Constitution and as recently interpreted by the Florida Supreme Court.

DONE AND ORDERED in Chambers at Bartow, Polk County, Florida, this 21st day of July, 1986.